659 A.2d 875

**In the Matter of the REINSTATEMENT OF Lloyd E. CLINTON, Jr.**

**Misc. Docket (Subtitle BV) No. 26, Sept. Term, 1992.**

Court of Appeals of Maryland.

June 16, 1995.

Melvin Hirshman, Bar Counsel, for the Atty. Grievance Com'n of Maryland, for petitioner.

T. Joseph Touhey, Glen Burnie, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

## ORDER

On March 6, 1987, the Court disbarred the petitioner, Lloyd E. Clinton, Jr. On February 22, 1991, the petitioner petitioned the Court for reinstatement. The Court denied that petition. On July 31, 1992, the petitioner filed a second petition for reinstatement. Thereafter, on October 5, 1992, the Court referred the petition to the Attorney Grievance Commission to conduct an appropriate investigation and to

submit a report and recommendation as to whether petitioner should be reinstated.

On May 5, 1995, the Inquiry Panel and Review Board of the Attorney Grievance Commission filed separate reports. The Inquiry Panel recommended that the petitioner be reinstated subject to complying with various conditions. The Review Board in a divided vote recommended against reinstatement.

The Court has carefully considered the report and recommendation of the Attorney Grievance Commission including the reports of the Inquiry Panel and Review Board.

 The Court has also evaluated the essential factors to be considered in any reinstatement proceeding which are: (1) the nature and circumstances of the petitioner's original misconduct; (2) the petitioner's subsequent conduct and reformation; (3) the petitioner's present character; and (4) the petitioner's present qualifications and competence to practice law. *In Re Braverman*, 271 Md. 196, 199–200, 316 A.2d 246 (1974); *Matter of Murray*, 316 Md. 303, 305, 558 A.2d 710 (1989). Upon a review of these factors, the Court is fully satisfied that petitioner has made a clear and convincing showing of rehabilitation and of legal competence, borne out by his conduct over a long period of time. *Matter of Murray*, 316 Md. at 305, 558 A.2d 710. NOW, THEREFORE, it is this 16th day of June, 1995,

ORDERED, by the Court of Appeals of Maryland, that the petition for reinstatement be, and it is hereby, granted and the petitioner, Lloyd E. Clinton, Jr., upon taking in open court and subscribing to the oath of attorneys required by Md.Code (1989), Business Occupations and Professions Article § 10–212, is reinstated as a member of the Bar of Maryland under the following condition:

1. Pursuant to Rule 11 of the Rules Governing Admission to the Bar of Maryland, the petitioner shall satisfactorily complete the professionalism course to be given in the Fall of 1995 by the Maryland State Bar Association.